# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 4845 | **DATE** | December 23, 2010 |
| **CASE TITLE** | VINCENT v. UNITED STATES OF AMERICA | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for default judgment [7] is denied. The case is dismissed as frivolous under 28 U.S.C. 1915(e).

# STATEMENT

    The Plaintiff, Veronica Vincent, lost a bench trial in U.S. District Court Judge Harry Leinenweber's court, a result ultimately affirmed by the Seventh Circuit Court of Appeals. *See Vincent v. Chicago Association of Realtors*, 266 Fed. App'x 472 (7th Cir. 2008). Based on various disagreements with Judge Leinenweber's decision-making, she seeks $195,370,000.00 from the government of the United States as Judge Leinenweber's employer. She additionally claims the USA to be liable because several of its agencies either failed to investigate the Judge or address her grievances with him.

    Having read the Plaintiff's theories, I previously denied her *in forma pauperis* status and denied her court-appointed counsel, but stopped short of dismissing her claims as frivolous. Instead, I encouraged her to amend her complaint. Rather than do so, she moved for a default judgment because the government has not answered or otherwise plead. Clearly, the government did not answer or plead because it was expecting Plaintiff to pay her fee (as I ordered) and file an amended complaint (as I suggested).

    Because Plaintiff appears unwilling to pay her fee, amend, and re-file, the time has come to dismiss this case as frivolous under 28 U.S.C. 1915(e)(2). Plaintiff's entire argument is centered on the notion that Judge Leinenweber made legal errors in the conduct of Plaintiff's trial, errors such as denying her request for a trial by jury. Not only did the Seventh Circuit affirm those alleged errors as mentioned above, but even if they were errors they are well within the bounds of the near-absolute immunity enjoyed by judges. *See Stump v. Sparkman*, 435 U.S. 349 (1978). In *Stump*, the Supreme Court held in part that a judge "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in clear absence of all jurisdiction." *Id.* at 356-57. With regards to that almost non-existent exception, Plaintiff has not alleged that Judge Leinenweber lacked

## STATEMENT

subject matter jurisdiction over her case.  This is with good reason, as it was an intellectual property case entirely appropriate for a federal district judge to oversee.  Not for nothing, the case went up on appeal to the Seventh Circuit (twice, in fact), and that court never hinted at jurisdictional infirmities of any kind.  Therefore, Judge Leinenweber would be entitled to immunity if he were the named defendant here.  And because the allegations here are merely derivative of Plaintiff's allegations against the Judge, they stand no chance of affording Ms. Vincent any relief.

The motion for default is denied, and the case is dismissed for frivolity under 28 U.S.C. 1915(e).